(840 P.2d 547)

No. 67,796

JERRYE A. AKERS, *Appellant,* v. MARIAN B. ALLAIRE, *Appellee.*

Opinion filed October 30, 1992.

*Richard V. Foote,* of Wichita, for appellant.

*Stan R. Singleton,* of Derby, for appellee.

Before LEWIS, P.J., BRAZIL, J., and STEPHEN D. HILL, District Judge, assigned.

BRAZIL, J.: In a boundary line dispute, Jerrye Akers appeals the finding of the district court that a backyard privacy fence is the boundary between her and her neighbor Marian B. Allaire's property, notwithstanding the record title. Akers contends Allaire did not establish the elements necessary to prove her claim of ownership by adverse possession based on "belief of ownership" and the the district court's finding is not supported by substantial competent evidence. We affirm.

Allaire acquired her property in June 1966, and Akers acquired the adjoining property in June 1976. A chicken/hog wire fence separated the two back yards when Allaire moved onto her property in 1966. Akers testified at trial that, when she bought the

property, she did not check to see if the chicken/hog wire fence was on the property line. Allaire testified that she believed and acted as if the fence was the property line. In fact, the fence was approximately 10 feet west of the common north-south boundary line between the properties. There was no testimony as to the date of installation or the purpose for which the chicken/hog wire fence was built.

In 1980, there was a chain link fence built on the identical line of the chicken/hog wire fence by Allaire's son. Akers testified that she intended to measure the property line and put the fence "where it should be." However, Akers never communicated to Allaire that she thought the fence was not on the property line.

In October 1987, Allaire installed a cedar privacy fence about three feet east of the chain link fence. The cedar privacy fence and the chain link fence separate the back yards of the two properties. The dispute between Allaire and Akers arose some time after the cedar privacy fence was installed.

The trial court prepared and issued its findings of fact and conclusions of law. The court found: The chain link fence and cedar privacy fence are on Akers' property; the line fixed by reference to the chicken/hog wire fence has been openly, exclusively, and continuously occupied undisputed and in good faith by Allaire for more than 15 years; and the chain link fence line has been relinquished in favor of the cedar privacy fence line. The court therefore ordered the cedar privacy fence to be the boundary between Akers' and Allaire's property notwithstanding the platted boundary line.

Akers claims Allaire failed to establish the elements necessary to prove her claim of ownership by adverse possession based on "belief of ownership."

K.S.A. 60-503 reads:

"No action shall be maintained against any person for the recovery of real property who has been in open, exclusive and continuous possession of such real property, either under a claim knowingly adverse or under a belief of ownership, for a period of fifteen (15) years. This section shall not apply to any action commenced within one (1) year after the effective date of this act."

Akers questions whether the good faith belief has been sufficiently established.

*Wallace v. Magie*, 214 Kan. 481, Syl. ¶ 4, 522 P.2d 989 (1974), defined " '[b]elief of ownership' under K.S.A. 60-503 [as] a state of mind which must be based on good faith under circumstances which justify such belief." Further, the good faith belief in ownership must be reasonable. *Armstrong v. Cities Service Gas Co.*, 210 Kan. 298, 309, 502 P.2d 672 (1972).

Allaire believed and acted as if the chicken/hog wire/chain link fence was the property line from June 1966 until litigation of the instant case. Allaire has had exclusive control and use of the property inside the fence line since June 1966. She maintained the grass on her side of the fence. She stated she did not know the property line was someplace other than the fence line until two years ago.

Akers' counsel attempted to disprove Allaire's good faith belief of ownership during Allaire's cross-examination. The essence of Allaire's testimony was that Allaire was not in hostile possession of Akers' property, or, in Allaire's words, it was not her intent to steal any of Akers' property. Allaire's testimony does not impeach her good faith belief. Allaire testified she had always acted as if, and believed, the chicken/hog wire/chain link fence was the property line since June 1966. The fact that Allaire was later informed by a survey of the property that the chain link fence was not on the property line does not impeach her good faith belief.

Akers stated that, in 1980, she did not have any reason to believe the chicken/hog wire fence was not the boundary line. The absence of complaint on the part of Akers when the chicken/hog wire fence was replaced by the chain link fence, or at a later date when Allaire placed a cedar privacy fence on Allaire's side of the chain link fence, further demonstrates the good faith of Allaire. There was sufficient evidence to establish Allaire's good faith belief of ownership.

Additionally, Akers contends that the evidence does not support the court's conclusion that Allaire was in open, exclusive, and continuous possession of the property east of the privacy fence for 15 years. This claim is also without merit.

The original chicken/hog wire fence was replaced in 1980 by a chain link fence. The chain link fence was put on the identical line as the chicken/hog wire fence. Then, in 1987, a cedar privacy

fence was put three feet east of the chain link fence and thus is closer to Allaire's home.

Allaire moved into her home in June 1966. She acted in all respects as if the chicken/hog wire fence was the property line. She has always believed the chicken/hog wire fence to be the property line. The chain link fence that replaced the chicken/hog wire fence was installed on the same line as the chicken/hog wire fence. Akers never did anything to cause Allaire to believe Akers did not think the chicken/hog wire fence was on the property line.

Allaire exercised her control of the strip of land in dispute by placing a cedar privacy fence three feet east of the chain link fence. Allaire testified no one but her has had the use and enjoyment of the property on her side of the chicken/hog wire and subsequent fences since June 1966. She further testified she has never tried to conceal or act in a way to cause someone to believe that she did not have exclusive use of the property.

Akers attempts to use a portion of finding No. 7 of the court to prove Allaire's possession was not open, exclusive, and continuous for more than 15 years. Finding No. 7 states: "There has not been exclusive open continuous possession of that portion of the front yard bounded by the post and rail fence for 15 years. The neighborly act of mowing the lawn was neither possessive nor continuous." Obviously, this statement was in reference to the front yard. That portion of land being retained by Akers is not an issue on appeal.

Allaire met the statutory requirements under K.S.A. 60-503; she has been in open, exclusive, and continuous possession of the land in dispute under a good faith belief of ownership for well over 15 years. Therefore, the trial court's finding that the cedar privacy fence is the boundary between Akers' and Allaire's property is supported by substantial competent evidence.

Affirmed.